PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SOCORRO SANTIAGO, Defendant and Appellant.

No. 4809.   Argued June 15, 1932.—Decided February 2, 1933.

*R. Hernández Matos* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Section 29 of Act No. 85 of August 20, 1925 (Session

Laws, p. 584), enacted to provide revenues for the People of Puerto Rico, prescribes that every person having in his possession or custody or under his control any still, capable of distilling alcohol for medicinal, industrial, scientific, or sacramental purposes, shall register the same in the office of the Treasurer of Puerto Rico, and every person who fails to register any still in his possession shall be guilty of a misdemeanor. Socorro Santiago, who has taken the present appeal, was prosecuted and convicted on a charge of violating this section.

The appellant admits that he had a still which distilled alcohol and that the same was not recorded in the office of the Treasurer of Puerto Rico, but he maintains that it was not shown that such still was capable of distilling alcohol for the purposes above stated.

The only witness who testified in this case, a policeman, stated that the alcohol distilled by the defendant in his still is suitable for drinking and may also be used for industrial, scientific, commercial, or sacramental purposes. The defendant objected to this testimony on the ground that the witness was not qualified to testify on that point, but the lower court declared that it was a matter of judicial notice and of common knowledge.

It has not been shown, nor do we know, that there are any stills capable of distilling only alcohol for industrial, scientific, commercial, or sacramental purposes. We believe that any still may distill alcohol for those purposes. Consequently, any still that may be used for those purposes must be registered in the office of the Treasurer of Puerto Rico, as all are capable of distilling alcohol, and it is not necessary for the prosecuting attorney to show that a particular still is capable of distilling alcohol for said purposes. Therefore, the appellant suffered no prejudice from what the witness said or from the statement made by the lower court during the trial.

The judgment appealed from will be affirmed.